**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-21-0000445**
**16-JUN-2022**
**07:49 AM**
**Dkt. 39 SO**

NO. CAAP-21-0000445

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

ROSS T. NISHI, Claimant-Appellant-Appellant,
v.
DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS,
UNEMPLOYMENT INSURANCE DIVISION and Employment Security
Appeals Referees Office, Agency-Appellee-Appellee,
and
STATE OF HAWAI'I, DEPARTMENT OF EDUCATION, Employer

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-20-0000138)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

This is a secondary appeal from a circuit court judgment affirming a decision by Agency-Appellee-Appellee State of Hawai'i Department of Labor and Industrial Relations (**DLIR**) denying a claim for unemployment insurance benefits made by self-represented Claimant-Appellant-Appellant Ross T. **Nishi**. Nishi appeals from the Final Judgment entered by the Circuit Court of the Third Circuit on June 30, 2021.[1] For the reasons explained below, we affirm the Final Judgment.

Nishi was employed by the State of Hawai'i Department of Education (**DOE**) as a Personnel Regional Officer. In 2019 he was paid about $92,000.

---

[1] The Honorable Peter K. Kubota presided.

He described his job:

> We do the hiring, firing, um, the background checks, the grievances, um, pretty much everything when someone enters the DOE. I guess -- yeah, I guess, um, you know when someone enters the DOE, we do from the start to whenever they leave, yeah.
>
> . . . .
>
> . . . So the hiring part. If they -- if they had misconduct or something like that we do a -- we assist with the firing, yeah. We draft all the letters and, you know, assist with the (unintelligible), right. We (unintelligible).

On December 12, 2019, Nishi signed a DOE Separation from Service form. The form stated that Nishi was resigning from DOE because he had accepted another job at Hawaiʻi County.

Nishi made a claim for unemployment insurance benefits with DLIR's Unemployment Insurance Division (**UID**). UID denied Nishi's claim under Hawaii Revised Statutes (**HRS**) § 383-30(1) because he "quit without good cause."

Nishi appealed. He stated: "I did not have the opportunity to explain why I resigned from the DOE." The DLIR Employment Security Appeals Referees' Office (**ESARO**) conducted a hearing on February 13, 2020. Nishi testified at the hearing; he did not offer any documents as evidence. On February 14, 2020, ESARO affirmed the denial of benefits.

By letter dated February 21, 2020, Nishi requested that ESARO reopen his appeal. He stated, "I resigned in lieu of termination." He provided ESARO with copies of three letters. ESARO denied the request to reopen on March 2, 2020.

On March 30, 2020, Nishi appealed to the circuit court. On June 30, 2021, the circuit court entered its "Order Affirming Employment Security Appeals Referees' Office's Decision in the Matter of 2000173 Dated February 14, 2020[,] and Denial of

Reopening Dated March 2, 2020[,]" and the Final Judgment. This appeal followed.[2]

Our review of a circuit court decision on an appeal from an administrative agency determination is a secondary appeal; we must determine whether the circuit court was right or wrong in its decision, applying the standards set forth in HRS § 91-14(g) to the agency's decision. <u>Flores v. Bd. of Land & Nat. Res.</u>, 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018). Our review is confined to the record before the circuit court. HRS § 91-14(f) (2012 & Supp. 2019).[3]

HRS § 91-14(g) (2012 & Supp. 2019) provides, in relevant part:

> Upon review of the record, the court may affirm the decision of the agency or remand the case with instructions for further proceedings; or it may reverse or modify the decision and order if the substantial rights of the petitioners may have been prejudiced because the administrative findings, conclusions, decisions, or orders are:
>
> (1) In violation of constitutional or statutory provisions;
>
> (2) In excess of the statutory authority or jurisdiction of the agency;
>
> (3) Made upon unlawful procedure;
>
> (4) Affected by other error of law;
>
> (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

---

[2] Nishi's opening brief does not comply with Rule 28(b) of the Hawaiʻi Rules of Appellate Procedure (**HRAP**). Nevertheless, the Hawaiʻi Supreme Court instructs that to promote access to justice, pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules. <u>Erum v. Llego</u>, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).

[3] The appendix to Nishi's opening brief contains a copy of a letter dated February 5, 2021, from the Hawaiʻi Civil Rights Commission to Nishi. The letter does not appear in the record on appeal. We disregard it. <u>See</u> HRAP Rule 28(b)(10) ("Anything that is not part of the record shall not be appended to the brief[.]").

> (6)     Arbitrary, or capricious, or characterized
>         by abuse of discretion or clearly
>         unwarranted exercise of discretion.

"Under HRS § 91-14(g), conclusions of law are reviewable under subsections (1), (2), and (4); questions regarding procedural defects under subsection (3); findings of fact under subsection (5); and an agency's exercise of discretion under subsection (6)."  Del Monte Fresh Produce (Haw.), Inc. v. International Longshore & Warehouse Union, Local 142, 128 Hawaiʻi 289, 302, 287 P.3d 190, 203 (2012) (citations omitted).

The first issue presented by Nishi's appeal is whether ESARO's decision of February 14, 2020, (which affirmed UID's denial of benefits) was erroneous.  The ESARO hearings officer made the following findings of fact:

> [Nishi] worked full-time for [DOE]'s school system from November 1, 2004 to December 31, 2019, and most recently as a personnel regional officer II.  Effective December 31, 2019, [Nishi]'s employment relationship with [DOE] ended.
>
> [Nishi]'s position as a personnel regional officer II required him to supervise two clerks (Clerk 1 and Clerk 2). [DOE] held [Nishi] responsible for the work of Clerk 1 and Clerk 2, who both helped him with the administration of hiring and terminating [DOE]'s employees.
>
> [Nishi] attempted to improve Clerk 1's work performance for approximately two years before the end of his employment. He was not successful.  Clerk 2 was a more recent hire. [Nishi] had no issue with Clerk 2's job performance.
>
> On December 12, 2019, [Nishi] last worked for [DOE].  He submitted his written resignation effective December 31, 2019.  Ex. 7.[4]  He stated he was leaving to accept another job by checking off a box.  Ex. 7.  [Nishi] did not check the boxes indicating he was unable to meet the requirements of his position or any of the boxes as to dissatisfaction with his workplace environment (lack of administrative support, coworkers, or workload).  Ex. 7.
>
> After December 12, 2019, [Nishi] did not report for work and instead used his sick leave.  [Nishi]'s employment ended on December 31, 2019.

---

4     Exhibit 7 was the DOE Separation from Service form Nishi signed on December 12, 2019.

We review findings of fact under the "clearly erroneous" standard. A finding of fact is clearly erroneous when the record lacks substantial evidence to support the finding or when, despite some evidence to support the finding, we are left with the definite and firm conviction in reviewing all of the evidence that a mistake has been committed. <u>Birano v. State</u>, 143 Hawaiʻi 163, 181, 426 P.3d 387, 405 (2018). "Substantial evidence" is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." <u>In re Grievance Arbitration Between State of Hawaiʻi Organization of Police Officers and County of Kauaʻi</u>, 135 Hawaiʻi 456, 462, 353 P.3d 998, 1004 (2015) (citation omitted).

The ESARO hearings officer's findings of fact were supported by substantial evidence — the exhibits in evidence and Nishi's testimony — and were not clearly erroneous. The hearings officer noted:

> There were issues of credibility regarding both parties, especially considering [DOE] was not present at the appeal hearing and [Nishi]'s testimony contradicted his written resignation. There was also no written contemporaneous evidence of the alleged proceedings to discharge [Nishi] for poor work performance in the record. The only credible and reliable evidence as to whether continued work was available to [Nishi] was his written resignation. [Nishi] submitted a written resignation dated December 12, 2019 to accept another job and his last day of employment would be December 31, 2019. He did not express any dissatisfaction with his workplace environment or inability to do his job, despite an opportunity to simply check a box in his written resignation. Furthermore, [Nishi] could have continued to dispute the ending of his employment. Hence, credibility was accorded to [Nishi]'s written resignation (Ex. 7) which implies continued work was available to [Nishi] had he not quit.
>
> Based on the foregoing, [Nishi] was the moving party and ended the employment relationship.

"A court reviewing an agency's decision cannot consider the weight of the evidence . . . or review the agency's findings of fact by passing upon the credibility of witnesses or conflicts in testimony, especially the finding of an expert agency in dealing

with a specialized field." <u>Sierra Club v. D.R. Horton-Schuler Homes, LLC</u>, 136 Hawaiʻi 505, 522, 364 P.3d 213, 230 (2015) (cleaned up).

The ESARO hearings officer found and concluded:

> Based on the foregoing, [Nishi] was the moving party and ended the employment relationship. The relevant issue then is whether [Nishi] left work for good cause.
>
> To establish good cause, [Nishi] must demonstrate he had substantial or compelling reasons to quit, such that a reasonable and prudent worker who genuinely and sincerely wanted to maintain employment would have taken similar action. Haw. Admin. R. § 12-5-47(c). [Nishi] was also expected to try reasonable alternatives.
>
> [Nishi] demonstrated unpleasant aspects of his job, but he did not show good cause for quitting. A reasonable and prudent worker, genuinely and sincerely desirous of maintaining employment would not quit his or her job before obtaining a firm offer of other employment. [Nishi] was not advised by a medical professional to quit his job. [Nishi]'s quitting was a disproportionate response to the alleged harm. Moreover, [Nishi] is expected to attempt reasonable alternatives to quitting. [Nishi] admitted he could have continued disputing the ending of his employment.
>
> [Nishi]'s situation did not rise to the level or extent to find he was compelled to quit, nor did the evidence show he had substantial reasons for quitting and becoming totally unemployed when he did. [Nishi] also did not show sufficient credible evidence to find continued employment was unsuitable, unfavorable or unavailable to him. Based on the foregoing, [Nishi] did not meet his burden of proof to establish that he quit for good cause.

We review conclusions of law under the "right/wrong" standard. <u>City & Cnty. of Honolulu v. Honolulu Police Comm'n</u>, 151 Hawaiʻi 56, 62, 508 P.3d 851, 857 (App. 2022). A conclusion of law that is supported by the agency's findings of fact and reflects an application of the correct rule of law will not be overturned. <u>Id.</u> When a conclusion of law presents mixed questions of fact and law, we review it under the "clearly erroneous" standard because the agency's conclusions are dependent on the facts and circumstances of each individual case. <u>Id.</u>

HRS § 383-30 (2015) provides, in relevant part:

> **Disqualification for benefits**. An individual shall be disqualified for benefits:
>
> > (1) Voluntary separation. . . . For any week . . . in which the individual has left the individual's work ***voluntarily without good cause***, and continuing until the individual has, subsequent to the week in which the voluntary separation occurred, been paid wages in covered employment equal to not less than five times the individual's weekly benefit amount as determined under section 383-22(b).

(emphasis added).

Hawaii Administrative Rules § 12-5-47 provides, in relevant part:

> **Voluntary Separation**. (a) An individual shall be disqualified for benefits for voluntarily leaving work without good cause.
>
> (b) A separation is a ***voluntary*** leaving or quitting when the facts and circumstances demonstrate that a claimant is the "moving party" in the termination of an employment relationship.
>
> (c) Generally, a leaving of work is considered to be for ***good cause*** where it is for a real, substantial, or compelling reason, or a reason which would cause a reasonable and prudent worker, genuinely and sincerely desirous of maintaining employment, to take similar action. Such a worker is expected to try reasonable alternatives before terminating the employment relationship.

(emphasis added). Whether a separation is voluntary is a separate issue from whether the separation was for good cause. Hardin v. Akiba, 84 Hawaiʻi 305, 313, 933 P.2d 1339, 1347 (1997). The former is concerned with "whether the circumstances reflect an intent on the part of the employee to terminate employment." Id. (quoting Ipsen v. Akiba, 80 Hawaiʻi 481, 486, 911 P.2d 116, 121 (App. 1996)). The latter is concerned with "whether there were compelling reasons which forced an employee to leave[.]" Id. (citation omitted).

ESARO's finding and conclusion that "[Nishi] was the moving party and ended the employment relationship" was supported by substantial evidence and reflected an application of the

7

correct rule of law. ESARO's finding and conclusion that "[Nishi] did not meet his burden of proof to establish that he quit for good cause" was also supported by substantial evidence and reflected an application of the correct rule of law. An agency's decision that is supported by its findings of fact and reflects an application of the correct rule of law will not be overturned. Honolulu Police Comm'n, 151 Hawaiʻi at 62, 508 P.3d at 857.

The second issue presented by Nishi's appeal is whether ESARO's March 2, 2020 denial of Nishi's request to reopen his appeal was erroneous. HRS § 383-38(b) (2015) provides, in relevant part:

> the referee **may** reopen the matter, upon the application of the director or any other party, or upon the referee's own motion, and thereupon may take further evidence or may modify or reverse the referee's decision, findings, or conclusions.

(emphasis added). The Hawaiʻi Supreme Court has instructed:

> [W]hen reviewing a determination of an administrative agency, we first decide whether the legislature granted the agency discretion to make the determination being reviewed. If the legislature has granted the agency discretion over a particular matter, then we review the agency's action pursuant to the deferential abuse of discretion standard (bearing in mind the legislature determines the boundaries of that discretion).

Paul's Elec. Serv., Inc. v. Befitel, 104 Hawaiʻi 412, 419-20, 91 P.3d 494, 501-02 (2004). Accordingly, we review for abuse of discretion.

The additional evidence Nishi sought to introduce were DOE letters to Nishi dated October 17, 2019, and November 19, 2019, both of which could have been offered before the UID denied Nishi's claim, or during Nishi's appeal to ESARO. Nishi also sought to introduce a letter from the Hawaii Government Employees Association/American Federation of State, County and Municipal Employees, AFL-CIO (**HGEA**). The HGEA letter was dated February 19, 2020 (after the date of the ESARO appeal hearing),

8

but the contents of the letter concerned the circumstances of Nishi's resignation and could have been offered before the UID denied Nishi's claim, or during the ESARO appeal hearing. We conclude that ESARO did not abuse its discretion by denying Nishi's request to reopen his appeal. See Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 115, 839 P.2d 10, 27 (1992) (holding that trial court did not abuse its discretion by denying motion for reconsideration where movant's argument "could and should have been made . . . in support of its motion for summary judgment").

For the foregoing reasons, the circuit court was not wrong to affirm ESARO's decisions, and the Final Judgment entered on June 30, 2021, is affirmed.

DATED:  Honolulu, Hawai'i, June 16, 2022.

On the briefs:

Ross T. Nishi,
Self-represented
Claimant-Appellant-Appellant.

Li-Ann Yamashiro,
Doris Dvonch,
Deputy Attorneys General,
State of Hawai'i,
for Agency-Appellee-Appellee
Department of Labor and Industrial
Relations, State of Hawai'i.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge